**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA,**             CASE NO. 22-CR-20035-FAM-1

      **Plaintiff,**

vs.

**ELVIN AGUILERA RAUDALES,**

      **Defendant.**
_____/

## DEFENDANT, ELVIN AGUILERA RAUDALES' SENTENCING MEMORANDUM

**COMES NOW** the Defendant, **ELVIN AGUILERA RAUDALES** (also referred to herein as "Mr. Raudales"), by and through his undersigned counsel, and presents herewith his Sentencing Memorandum, and states as follows:

### INTRODUCTION

At the start, it should be clear that Elvin Aguilera Raudales is sincerely remorseful for his criminal conduct and acknowledges that the offense to which he has entered his plea of guilty is of a serious nature. Further, Mr. Raudales wholly realizes the impact his poor decision to become involved in this criminal conduct will have upon his family and his future, and knows that he has nobody to blame but himself.

The United States Supreme Court has stated that Federal sentencing demands that every convicted person be treated as an individual and "every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 589 (2007). It is the sincere hope that this Honorable Court will examine Mr. Raudales' "human failings" along with the other aspects of his life as well as his life as a hard-working individual.

It is acknowledged that inasmuch as the statute of conviction provides for a minimum sentence of one hundred twenty (120) months, this Court may not grant a departure or variance, therefore such is not requested herein.

## **PROCEDURAL BACKGROUND**

1. On November 10, 2022, the Defendant pled guilty to the one-count Superseding Information which charges him with attempted sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1). [D.E. 25]

2. The Presentence Investigation Report provides at paragraph 67, "Statutory Provisions: The minimum term of imprisonment is 10 years, and the maximum term is life, 18 U.S.C. § 1591(b)(2)," and at paragraph 68, "Guideline Provisions: Based upon a total offense level of 29 and a criminal history category of I, the guideline imprisonment range is 87 to 108 months. However, the guideline sentence is the minimum term of imprisonment required by statute, which in this case is 120 months, § 5G1.1(b). [D.E. 34]

3. The Defendant has not filed Objection to the Presentence Investigation Report, therefore there are no issues in that regard for this Court's determination at the sentencing hearing.

4. The sentencing hearing in this cause is presently scheduled for Thursday, January 23, 2023, commencing at 9:30 a.m. [D.E. 32]

5. The within Sentencing Memorandum is submitted in the utmost of good faith and in the interest of justice.

## **THE HISTORY AND CHARACTERISTICS OF ELVIN AGUILERA RAUDALES THAT WARRANT CONSIDERATION**

Title 18 U.S.C. §3553(a)(1) provides that the court in fashioning the appropriate sentence to be imposed, shall consider "*the nature and circumstances of the offense and the history and characteristics of the defendant.*"

With regard to the history and characteristics of the Defendant, the Presentence Investigation Report prepared by the very capable Probation Officer sets out the family history and personal information of the Defendant. However, there are some points worthy of mention at this juncture as discussed below.

### *The Personal Background of Elvin Aguilera Raudales*

Elvin Aguilera Raudales wishes to advise this Court that he was raised with a firm belief in God as he continues to believe to this day. He was raised in a humble surroundings by a humble family, with parents that always taught him to always do the right thing, with highest respect to the law. That is why throughout his childhood he never had any problems with the authorities or the law and only dedicated himself to honest work.

Mr. Raudales arrived in the United States at the age of seventeen (17) with many dreams and hopes of success, only desiring to work and make a good life for himself and his loved ones. Like many migrants, he began work at a very low level in the construction industry, essentially as an assistant to an assistant. Being a very punctual and responsible worker, he earned the trust and affection of his older co-workers and superiors. As the years passed, very often working ten (10) hours each day, he continued to learn and become an even better employee and became recognized by his supervisors and earned their confidence.

Mr. Raudales' activities became somewhat focused on roof installations. As a roofer he had learned to install many types of roofs, specializing on shingle and tile roofs for five (5) years. In the year 2020, he decided to become independent and began working as a separate entity from the companies that he was working as a mere employee. This was a very important decision in furtherance of his growth and development.

During his years in the United States, he always lived alone and saved money from his income, except for the sums that he would furnish to assist his family economically.

Ultimately, despite being an immigrant, he managed to open his own roofing placement business called Aguilera Roofing Solutions and had many very satisfied customers.

Mr. Raudales desires that this Court know that throughout his life he has never had problems with anyone, much less with the law, always being respectful, hardworking, and very humble. Additionally, he wants to express his sincere affection and gratitude to the United States for receiving him and giving him the opportunity to work honestly to improve his standard of living and help his family.

As noted above, at a young age he made the decision and endured the risk of traveling to this country as a minor, with the single goal of succeeding, working, and always doing the right thing without vices. He was never an alcohol or substance abuser, nor even a cigarette smoker.

Elvin Aguilera Raudales wants this Court top know that he is not a bad person or a risk to society, and that he is a God-fearing, humble, respectful, and responsible person.

Lastly, as a person who never had any difficulties or problems with anyone or the law, he unfortunately succumbed to a very misplaced temptation placed before him. He sincerely apologizes for his criminal conduct and what is in reality a betrayal to the country and its citizens that has given him so much.

### *Elvin Aguilera Raudales Was Young at the Time the Offense was Committed*

At the time of the commencement of the offense in 2022, Elvin Aguilera Raudales was twenty-four (24) years of age. Simply put, his youth, immaturity, and lack of life experiences, surely contributed to his foolish decision to become involved in this wholly unacceptable criminal behavior.

In *United States v. Nicolas Mendoza Zapata*, Case No. 15-CR-20193-MORENO (SDFL 2015), this Court found that a defendant's youth was relevant in determining whether a downward variance was warranted in that case. The court stated that ***"young people do stupid things,"*** and granted a downward variance of 25% to a twenty-two (22) year old drug courier because of the courier's age.  The court also stated that, ***"When you're 21, 22-years old, you really don't know enough and you do stupid things.  So I'm going to give him a variance just because he's young. And in addition, I'm going to give him a variance for his cooperation. For being young, the variance that I would give would reduce his sentence from 24 months to 18 months and his cooperation will be a third of that."*** (Sentencing Transcript (Page 13, Lines 22 and 25, and Page 14, Lines 1 - 6) in *United States v. Nicolas Mendoza Zapata*, Case No. 15-CR-20193-MORENO (SDFL 2015) at D.E. 35.)

Elvin Aguilera Raudales respectfully requests this Court to take note of the fact that he was merely twenty-four (24) years old when the offense was committed, and the offense lasted one day thanks to the participation of law enforcement.

### *Elvin Aguilera Raudales' Genuine Remorse as a §3553(a) Factor*

As noted above, Elvin Aguilera Raudales is sincerely remorseful for his criminal conduct and wholly realizes the impact his poor decision to become involved in this criminal conduct will have upon his family and his future.

A court may give consideration to "personal factors" including "genuine remorse." *United States v. Gomez-Martinez,* 569 Fed. Appx. 777 (11th Cir. 2014).  The 11th Circuit has long recognized that an offenders' "statement of remorse" is directly related to both 'the nature and circumstances of the offense and the history and characteristics of the defendant,' within the meaning of §3553(a)(1)." *United States v. Thomas*, 446 F.3d 1348, 1357 (11th Cir. 2006).  As

will be established further at the sentencing hearing, Mr. Raudales is exceptionally remorseful for his conduct. As this Court is well-aware, rehabilitation and refraining from further criminal conduct is unlikely without true remorse.

### *Elvin Aguilera Raudales' Lack of Criminal History.*

As reflected in the Presentence Investigation Report, Mr. Raudales has no criminal history whatsoever, with the exception of a driver's license offense when he was twenty (20) years old, wherein adjudication was withheld.

Courts have held that a lack of a defendant's criminal record is an appropriate consideration for the court, and therefore may be given weight in this Court's §3553(a) analysis. In *United States v. Monetti,* 705 Fed.Appx. 865 (11th Cir. 2017) the district court considered all the §3553(a) factors, and as for *the defendant's personal history and characteristics*, the court mentioned Monetti's lack of criminal history and indicated that this evidences a low risk of recidivism.

It is respectfully submitted that a District Court may weigh a defendant's lack of a criminal record in its §3553(a) analysis, even when the defendant has been placed into a criminal history category of I, since a Criminal History Level I is too broad to truly reflect a defendant's lack of criminal history.

### *18 U.S.C. § 3553(a)(2)*
### *The need to protect the public from further crimes of the defendant.*
### *There is a Low Risk of Recidivism.*

Another important factor regarding this Defendant is that there is a low risk of recidivism and a correspondingly lesser need of incarceration to protect the public. 18 U.S.C. § 3553(a)(2).

Based on the Title 18 U.S.C. §3553(a) factors and the emotional impact of being incarcerated for the instant offense, it is submitted that the likelihood of this Defendant engaging in criminal conduct in the future is quite small.

### *Elvin Aguilera Raudales' Mental and Emotional State*

As noted at paragraph 48 of the Presentence Investigation Report, at the age of 16 (2013) the Defendant began to experience "sadness." This "sadness" resulted in him experiencing hallucinations and delusional thinking. Although his brother is institutionalized in a sanitarium as a result of an unknown mental health illnesses, his family lacked the financial means with which to seek counseling for the Defendant. Mr. Raudales felt "great sadness" in 2020 at the age of either 22 or 23, due to isolation as a result of the COVID-19 pandemic as well as missing his immediate family members.

Although, Mr. Raudales has not sought mental health assistance while at FDC Miami, it is submitted that perhaps such may be beneficial for him during his incarceration.

### *Elvin Aguilera Raudales' Oustanding Employment History and Work-Ethic*

During the years prior to his eighteenth birthday, the Defendant would assist his father raising cattle and farming in his native country of Honduras.

After that time period, from 2016 to 2017 Mr. Raudales was employed on a full-time basis as a tile installer in Miami, Florida.

Subsequently, from 2018 to 2019, he was employed on a full-time basis as a laborer with a construction and roofing company in Miami, earning an average of $150 daily.

During the period of January 2020 to August 7, 2020, Mr. Raudales was self-employed in the construction field in Miami earning an average of $2,000 per month.

On August 8, 2020, the Defendant incorporated Aguilera Roofing Solutions Corporation, and from 2021 to January 20, 2022, he worked in his roofing business. He had five employees, and was a sub-contracted roofer earning a $3,000 monthly salary. (His company was declared

inactive by the State of Florida as a result of failing to file an annual report on September 23, 2022. (The Defendant had been arrested January of 2022.)

### *The Need for Individualized Sentencing*

The United States Supreme Court in *Pepper v. United States,* 131 S.Ct. 1229 (2011), emphasized the need for individualized sentencing based not only on the crime, but on the particular defendant as well. They said that Federal sentencing demands that every convicted person be treated as an individual and "every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." Citing: *Gall v. United States*, 128 S.Ct. 586, 589 (2007). As this Honorable Court is well-aware, the Court has full authority to consider any evidence in deciding whether the Guidelines "properly reflect §3553(a) considerations." *Rita v. United States,* 551 U.S. 338, 351 (2007).

### **CONCLUSION**

The sentence imposed by the Court must reflect the seriousness of the offense; promote respect for the law, and provide just punishment for the offense, and provide an adequate deterrence to any future criminal conduct of the Defendant and protect the public as well. In sum and substance, the sentence should be sufficient, but not greater than necessary, to comply with the sentencing goals set forth in Title 18 U.S.C.A. §3553(2)(A-D), however in this case the Court must impose a sentence of no less than one hundred twenty (120) months as provided by the statute of conviction.

It is respectfully submitted that Elvin Aguilera Raudales, who is now twenty-five (25) years of age and who has a sixth grade education, and has no criminal history points, deserves another chance to be a productive law-abiding member of society at the earliest time possible.

**WHEREFORE**, Defendant, **ELVIN AGUILERA RAUDALES,** respectfully prays that this Honorable Court fashion a sentence that is just and takes the factors noted above into consideration.

    Respectfully submitted,

    ANA M. DAVIDE
    (Florida Bar No. 875996)
    ANA M. DAVIDE, P.A.
    420 South Dixie Highway, Suite 4B
    Coral Gables, Florida 33146
    Telephone: (305)854-6100
    Fax: (305) 854-6197
    E-mail: ana@anadavidelaw.com
    (Counsel for Def., *Elvin Aguilera Raudales*.)

    */s/ Ana M. Davide*_____
      Ana M. Davide, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of January, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    ANA M. DAVIDE
    (Florida Bar No. 875996)
    ANA M. DAVIDE, P.A.
    420 South Dixie Highway, Suite 4B
    Coral Gables, Florida 33146
    Telephone: (305)854-6100
    Fax: (305) 854-6197
    E-mail: ana@anadavidelaw.com
    (Counsel for Def., *Elvin Aguilera Raudales*.)

    */s/ Ana M. Davide*_____
      Ana M. Davide, Esq.

## SERVICE LIST

**United States of America v. Elvin Aguilera Raudales**
**Case No. 22-CR-20035-FAM-1**
**United States District Court, Southern District of Florida**

Lauren Alexandra Astigarraga, A.U.S.A.
Office of the United States Attorney
99 N.E. 4th Street
Miami, FL 33132
305-961-9105
E-mail: lauren.astigarraga@usdoj.gov

Vanessa Pulido
Sentencing Guideline Specialist
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, 9th Floor South
Miami, FL 33128
Office: 305-523-5454
E-mail: vanessa_pulido@flsp.uscourts.gov